BEFORE THE THIRD DIVISION, MARCH 25, 1948

**No. 52237.**—Wakem & McLaughlin, Inc. *v.* United States, protest 118092–K/428 (Chicago).

EKWALL, Judge: At the hearing of this case it was agreed that there was no dispute as to the facts. Counsel entered into the following stipulation:

It is agreed between counsel that the sixty barrels of liquor involved in this case were imported by Wakem & McLaughlin, Inc., from Cuba and arrived at New Orleans. The merchandise was forwarded from New Orleans to Chicago under I. T. entry No. 988 of August 17, 1943, and entered for warehouse at Chicago under Warehouse entry No. 285 of September 1, 1943. After the arrival of the merchandise at Chicago the Bureau of Internal Revenue there anlayzed the same and found that the liquor in question consisted of neutral spirits artificially colored and flavored with aromatics and could therefore not be bottled and labelled as whiskey, and for that reason the importer decided to export the merchandise, and thereupon filed Warehouse Withdrawal for Transportation and Exportation Entry No. 4 at Chicago for exportation from New Orleans. The merchandise was laden on the exporting vessels at New Orleans on January 31, 1944. The manifest of I. T. entry No. 988, which was filed upon the arrival of this shipment at New Orleans, indicated no damage or loss, and the report of the lading inspector showed that the goods agreed with the manifest and were in apparent good order. Upon the arrival of this shipment at Chicago it appeared from the gauger's return, verified by an affidavit by the importer, filed within fifteen days after completion of the gauging, that there had been a leakage of 137.46 proof gallons, as a result of the barrels being broken while in transit from New Orleans to Chicago. Of this quantity, 83.59 gallons constituted a loss of ten per cent or more of the total value of the contents of each of the barrels from which lost.

The sixty barrels in question were in continuous Government custody and control from the time of their arrival at New Orleans until their exportation from New Orleans on January 31, 1944. The merchandise was exported under customs supervision.

Upon withdrawal of the merchandise from bonded warehouse in Chicago customs duties at the rate of $2.00 per proof gallon were assessed on the 137.46 proof gallons referred to above. No other duties or taxes were assessed on the shipment in question.

Counsel for the plaintiff stated said plaintiff's contention to be that "no duties should be assessed on any part of this shipment, or any part of the outage of 137.46 proof gallons found by the gauger in Chicago. In any event, we claim that duties should not be assessed on the 83.59 gallons which constitute a loss of 10 percent or more of the total value of the contents of each of the barrels from which lost."

The case was submitted on the record as thus made.

In the brief filed on behalf of the plaintiff it is contended that the issues presented here were determined in the case of United States v. Somerset (33 C. C. P. A. 138, C. A. D. 328). In the cited case, the court held in substance that if liquor amounting to 10 percent or more of the total contents of the packages is lost due to breakage, leakage, or damage while in transit in the United States under immediate transportation entry, between the port of arrival and the port of destination, and if such loss is verified by the gauger's return and importer's timely affidavit, an allowance for duties must be made under the provisions of paragraph 813, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. That paragraph, as amended, reads as follows:

PAR. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within fifteen days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

In its original protest plaintiff claimed that the entire shipment constituted a nonimportation in that it was prohibited merchandise. That claim, apparently, was abandoned, for in the brief filed counsel for the plaintiff seeks a judgment from this court directing the collector to make an allowance for the duties on the 83.59 gallons, constituting a loss of 10 percent or more of the contents of each of the barrels from which lost.

Government counsel in the brief filed admits that under the decision in the Somerset case, supra, plaintiff's claim for allowance in duties on the 83.59 gallons, appears meritorious.

The report of the gauger is not in evidence. Therefore, the court is without information as to which of the 60 barrels imported the allowance applied. However, as both sides agree that allowance should be made on a total quantity of 83.59 gallons, plaintiff's claim for allowance in duties will be sustained to that extent and overruled in all other respects.

Judgment will be rendered accordingly.